Chris P. Reilly, Alaska Bar No. 0807047
NICOLL BLACK & FEIG PLLC
1325 Fourth Avenue, Suite 1650
Seattle, WA 98101
Tel: (206) 838-7555
Fax: (206) 838-7515
creilly@nicollblack.com
Attorneys for Defendants, Counterclaimants and
Crossclaimants Cook Inlet Spill
Prevention & Response, Inc. and CISPRI Services LLC

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| SYNDICATES 1183, 1036, and 2007, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON subscribing to Charterer's Legal Liability Policy Number GU300630J,<br><br>Plaintiffs,<br><br>v.<br><br>FURIE OPERATING ALASKA, LLC; CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, *et al.*<br><br>Defendants. | IN ADMIRALTY<br><br>**NO. 3:21-cv-00252-JMK** |

## COOK INLET SPILL PREVENTION & RESPONSE, INC. AND CISPRI SERVICES LLC'S MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTY

Summary judgment having been entered in the above-entitled action on March 31, 2023 (Dkt. 76) in favor of Crossclaimants Cook Inlet Spill Prevention & Response, Inc. and CISPRI Services LLC (collectively, "CISPRI") and against co-defendant Gemini Ins. Co. ("Gemini") finding coverage of the CISPRI judgment against Gemini's insured Furie Operating Alaska, in which the unpaid amount, with interest accruing, is $7,574,186.51 as of July 14, 2023. CISPRI now submits this motion as

COOK INLET SPILL PREVENTION & RESPONSE, INC.  *Syndicates 1183, 1036, and 2007, et al. v.*
AND CISPRI SERVICES LLC'S MOTION FOR  *Furie, et al.*
ATTORNEY'S FEES AS PREVAILING PARTY  Case No. 3:21-cv-00252-JMK
PAGE 1

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 1 of 10

prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Civil Rule 54.2 and Rule 82 of the Alaska Rules of Civil Procedure for attorney's fees in the amount of $99,606.79, which represents the Rule 82 calculation of fees due. The calculation is based upon the amount of the Rule 82 fees based on the judgment ($175,983.73) discounted by 43.4% to reflect the work performed on the file by CISPRI's attorneys on issues on which CISPRI did not prevail and for which CISPRI is not requesting prevailing party attorney's fees.

## I. FACTS

CISPRI obtained a judgment against Furie Operating Alaska ("Furie") on November 30, 2021 as a result of a stipulated confirmation of an arbitration award against Furie in the total amount of $8,237,479.81 (as of November 17, 2021), including pre-judgment interest, attorneys' fees, and costs. Declaration of Chris P. Reilly ("Reilly Dec."), Ex. 1. The judgment accrues 4.25% post-judgment interest until paid. *Id.*

CISPRI did not have the right to collect the judgment against Furie due to Furies' bankruptcy filing but the Bankruptcy Court issued a Consent Order that lifted the stay and authorized CISPRI to collect any arbitration award against Furie only from the proceeds of Furie's insurance coverage. *Id.*, Ex. 2. Furie had two insurers who potentially covered the judgment: Lloyd's of London ("Lloyd's), plaintiff in this declaratory judgment matter, and Gemini, co-defendant in this matter. *See id.* CISPRI sought without success to collect the arbitration award / judgment from Gemini before and without litigation. Reilly Dec., ¶ 5. In response to Lloyd's initiating this declaratory judgment action, CISPRI sought to recover the judgment against both Lloyd's and Gemini. *See* Dkt. 36 (Amended Answer to Second Amended Complaint for Declaratory

COOK INLET SPILL PREVENTION & RESPONSE, INC.  
AND CISPRI SERVICES LLC'S MOTION FOR  
ATTORNEY'S FEES AS PREVAILING PARTY  
PAGE 2

*Syndicates 1183, 1036, and 2007, et al. v. Furie, et al.*  
Case No. 3:21-cv-00252-JMK

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 2 of 10

Judgment, Counterclaims and Crossclaims).[1]

Gemini paid CISPRI its primary policy limits ($1,000,000) plus the accrued interest on that payment on or about March 15, 2022 in the total amount of $1,180,390.58. *Id.*, Ex. 3. The outstanding amount due, plus interest as of July 14, 2023, after that payment and this Court's grant of summary judgment against Gemini, is $7,574,186.51. Reilly Dec., ¶ 6, Ex. 4. Pursuant to Alaska Civil Rule 82, the prevailing party fees on a judgment of $7,574,186.51 are $175,983.73. Reilly Dec., ¶ 7.

CISPRI's crossclaims against Gemini were for declaratory relief and for monetary damages based on coverage under Gemini's excess policy and based on its failure to pay Alaska Civil Rule 82 fees when tendering policies limits. Dkt. 36 (crossclaims). Gemini agreed that Alaska insurance law applied to the coverage analysis of their policy. *See* Dkt. 69, ECF pp. 26-32 (citing to Alaska law and distinguishing a Fifth Circuit case relied on by CISPRI). The Court found for CISPRI on the first two of its crossclaims against Gemini (but denied the primary policy Rule 82 claim), and awarded CISPRI summary judgment on these claims against Gemini. Dkt. 76.

The charter party (vessel) agreement applicable to the underlying dispute between Furie and CISPRI included an attorney's fee provision for the prevailing party.

---

[1] If Lloyd's had not filed the declaratory judgment action, CISPRI would have. CISPRI had obtained an arbitration award in its favor and was pursuing a judgment that could only be enforced against Gemini and / or Lloyd's. Reilly Dec., ¶ 5. The dispute involved complex issues of insurance coverage. *Id.* Not surprisingly, neither insurer wanted to concede coverage or pay the judgment and seek contribution. *Id.* While CISPRI thought Gemini was more likely to be liable for the judgment, it would not have been prudent (or without potential risk) to concede Lloyd's declaratory judgment action and proceed only against Gemini. This was one of those legal disputes that needed a forum in which both of the potentially liable parties could participate and submit their best arguments and have the Court decide the issue of coverage. *Id.* Throughout the process, CISPRI sought to be efficient and focused its resources on researching the coverage issues and putting up the best arguments it could against two well-represented insurers. *Id.*

Dkt. 42.3 ("An award made pursuant to this provision may include costs, including a reasonable allowance for attorneys' fees."). Gemini was not a party to the charter party. *See id.* Gemini was not a party to the arbitration. Reilly Dec., ¶ 8. Gemini was not a party to the action in the District of Alaska to confirm the arbitration award. *Id.*, Ex. 1. CISPRI's crossclaim against Gemini to demonstrate coverage and recover under the insurance policy was a new claim that was not previously litigated. *Id.*, ¶ 6. Gemini has argued to this Court that the charter party prevailing party attorney's fee provision applies to them in this proceeding: "The Rule 82(a) language "as agreed by the parties" means that the attorney's fees provision that governed CISPRI and Furie applies to Gemini, the insurer who is paying on behalf of Furie." Dkt. 69, ECF pp. 22-23. The claims in CISPRI's crosscomplaint decided by this Court were against Gemini, not Furie. Dkt. 36.

      CISPRI retained its outside general counsel (Leo G. Kailas of Reitler Kailas & Rosenblatt LLC) ("RKR") and litigation counsel (Chris Reilly of Nicoll Black & Feig, PLLC) ("NBF") to work together to defend the declaratory judgment action brought by Lloyd's in this matter and collect the judgment (based on enforcement of the arbitration award) against either Gemini or Lloyd's. Reilly Dec., ¶ 9. Roughly half the work on this case was performed by each firm, though Reilly was the attorney of record before this Court. *Id.* CISPRI's total attorney's fees incurred to defend the declaratory judgment action and collect on its judgment has been (to date), approximately $162,893.00. *Id.*, Ex. 9. CISPRI's actual legal costs accrued pursuing the crossclaims in this matter and payment from Gemini are approximately $92,224.00. *Id.*, ¶ 9, Ex. 5, 6 (the legal invoices in this matter), Ex. 8 (spreadsheet totaling the entries for which reimbursement is sought). CISPRI's total attorney's fees have been reduced by approximately 43.4% to account for (and eliminate) the time spent on opposing Lloyd's declaratory judgment motion and prosecuting the CISPRI Rule 82 claim related to Gemini's tender of primary

COOK INLET SPILL PREVENTION & RESPONSE, INC.      *Syndicates 1183, 1036, and 2007, et al. v.*
AND CISPRI SERVICES LLC'S MOTION FOR      *Furie, et al.*
ATTORNEY'S FEES AS PREVAILING PARTY      Case No. 3:21-cv-00252-JMK

PAGE 4

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 4 of 10

policy limits that was denied. *Id.*, ¶ 9. The process used to eliminate the time spent on these issues on which CISPRI did not prevail was to go through each time entry and eliminate those entries in which the work related to the Lloyd's insurance coverage claim or the Rule 82 issue (the two issues on which CISPRI did not prevail). *Id.*[2]

The following persons from NBF (located in Seattle) worked on this file at the following rates:

- Chris Reilly, Partner ($270 / hour)
- Matthew Erickson, Associate and Junior Partner ($210 and $235 / hour)
- Shantrice Anderson, Associate ($210 / hour)
- Jeanette Hendricks, Paralegal ($100 / hour)
- Leigh Ann Martin, Paralegal ($100 / hour)

Reilly Dec., Ex. 5. These rates are at or below rates that NBF has used in other Alaska litigation matters in 2021 – 2023. *Id.*, ¶11.

The following attorneys from RKR (located in New York) worked on this file at the following rates:

- Leo Kailas, Partner ($425 / hour)
- Edward Grosz, Partner ($425 / hour)
- Brett Van Benthysen, Partner ($425 / hour)
- John McKay, Associate ($270 and 325 / hour)

Reilly Dec., Ex. 6. RKR performs transaction work for Alaska clients and the above rates are a discount to the rates charged in those matters in 2021 - 2023. *Id.*, ¶ 11.

The above rates are reasonable for complex coverage practice work in courts in

---

[2] As addressed below in the argument, the Court may discount Rule 82 fees to account for issues on which the prevailing party did not prevail. Here, applying a 43.4% discount to the Rule 82 fees due on the judgment ($175,983.73) yields $99,606.79. Reilly Dec., ¶ 9.

COOK INLET SPILL PREVENTION & RESPONSE, INC.  *Syndicates 1183, 1036, and 2007, et al. v.*
AND CISPRI SERVICES LLC'S MOTION FOR  *Furie, et al.*
ATTORNEY'S FEES AS PREVAILING PARTY  Case No. 3:21-cv-00252-JMK
PAGE 5

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 5 of 10

Anchorage. Reilly Dec., ¶ 11. As shown in the referenced exhibits, rates for attorneys in federal and state courts in Anchorage, Alaska have been found to be reasonable in the last 5 years include $400 (2019 in a workers compensation case and $280 (2021 labor law). Reilly Dec., Ex. 7. All the above rates fall within the range of reasonable rates found by courts in Alaska. *See id.*

## II. ARGUMENT AND AUTHORITY

**A. CISPRI is Entitled to Alaska Civil Rule 82 Fees from Gemini.**

1. <u>Alaska Civil Rules Apply</u>.

"A motion for attorney's fees under Fed. R. Civ. P. 54(d)(2) must: (a) state the amount requested; (b) set forth the authority for the award, whether a federal statute, Alaska Rule of Civil Procedure 82, a contractual provision, or other grounds; and (c) be accompanied by a declaration or affidavit that demonstrates the reasonableness of the requested award and includes: (1) the total number of hours worked and billing rate for each lawyer and paraprofessional; (2) the customary fee charged in similar matters in the District of Alaska; (3) the amount charged to the client, if any; and (4) itemized billing records.

The U.S. Supreme Court holds that federal district court is exercising supplemental jurisdiction over state-law claims must apply state substantive law and federal procedural law. *Felder v. Casey*, 487 U.S. 131, 151 (1988). The Ninth Circuit holds that under this doctrine, Rule 82 of the Alaska Rules of Civil Procedure applies "in federal question cases with supplemental jurisdiction over state-law claims." *Disability Law Center of Alaska, Inc. v. Anchorage School District*, 581 F.3d 936, 941 (9th Cir. 2009). District Courts in Alaska have regularly done so. *See e.g. United States ex rel. Rebar Placement Co. v. GBC, LLC Contractors*, 2005 WL 846211, *1 (D. Alaska Jan. 18, 2005); *Unum Life Insurance Co. of America v. McDonald*, 2018 WL 11217266, *3 (D. Alaska Dec. 17, 2018); *Pallas v. United States*, 2015 WL 12977512,

**1-2 (D. Alaska Jan. 15, 2015); *Folsom v. Ingersoll Rand Co.*, 2013 WL 12099388, *1 (D. Alaska Dec. 18, 2013). Here, there is no agreement between CISPRI and Gemini upon which to base a fee award.

2. <u>CISPRI was a Prevailing Party With Respect to Gemini</u>.

The term "prevailing party" in Alaska means:

> … the [party] who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered.

*Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964) (footnotes omitted). Here, CISPRI was the prevailing party with respect to Gemini. Lloyd's was the prevailing party with respect to CISPRI and Gemini.[3]

Failure to recover the full measure of relief sought or to prevail on all the issues raised does not necessarily preclude that party from "prevailing party" status, provided that party is successful with regard to the "main issue in the action." *Cooper v. Carlson*, 511 P.2d 1305, 1308 (Alaska 1973); *Tobeluk v. Lind*, 589 P.2d 873, 876–77 (Alaska 1979). The award of attorney's fees to the prevailing party and the determination of prevailing party status are within the broad discretion of the trial court. *Adoption of V.M.C.*, 528 P.2d 788, 795 (Alaska 1974). Here, CISPRI prevailed because it prevailed against the comprehensive liability insurer when the Court found coverage under the Gemini Policy for the hard-fought arbitration award.

---

[3] CISPRI acknowledges that it owes Rule 82 fees to Lloyd's. In this case, because Lloyd's did not obtain a money judgment, the Court may award Lloyd's 20% of its actual attorney's fees that were necessarily incurred. *See* Alaska R. Civ. P. 82 ("shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred").

COOK INLET SPILL PREVENTION & RESPONSE, INC.     *Syndicates 1183, 1036, and 2007, et al. v.*
AND CISPRI SERVICES LLC'S MOTION FOR     *Furie, et al.*
ATTORNEY'S FEES AS PREVAILING PARTY     Case No. 3:21-cv-00252-JMK

PAGE 7

Case 3:21-cv-00252-JMK    Document 88    Filed 06/08/23    Page 7 of 10

3. CISPRI is Entitled to Rule 82 Fees.

"District courts follow state rules for awarding attorney's fees when exercising their subject matter jurisdiction over state-law claims. In Alaska, Rule 82 provides for an award of attorney's fees to the "prevailing party" in a civil case." *U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors*, 2005 WL 846211, at *1 (D. Alaska, 2005) (footnotes omitted). Where appropriate, the District Court can apportion fees to separate out fees incurred that do not qualify for Rule 82 recovery. *See Mahoney v. Barlow*, 2011 WL 4378902 (9th Cir., 2011) (finding the Alaska District Court did not err in apportioning half the attorney's fees to a federal claim for excessive force and half to the state law claim in deciding an award of fees under Alaska Civil Rule 82). Here, a straight application of Rule 82 for CISPRI would entitle CISPRI to an award of $175,983.73. Reilly Dec., ¶ 7. As discussed in the fact section above, CISPRI's actual defense costs in this matter are approximately $163,000 and CISPRI spent approximately 43.4% of its efforts defending against the claims of Lloyd's and prosecuting its claim for Rule 82 fees based on the tender of primary policy limits (and prevailed on neither of those issues). Applying the 43.4% discount to the Rule 82 fee calculation yields an amount of $99,606.79, which represents an appropriate Rule 82 fee award in this case.

### III. CONCLUSION

For the foregoing reasons, CISPRI requests entry of an order in its favor of attorney's fees in the amount of $99,606.79 based on the Court's prior judgment of 7,574,186.51 (and applying interest through July 14, 2023). That amount reflects a 43.4% discount based on the work performed on issues on which CISPRI did not prevail.

COOK INLET SPILL PREVENTION & RESPONSE, INC.
AND CISPRI SERVICES LLC'S MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTY

Syndicates 1183, 1036, and 2007, et al. v.
Furie, et al.
Case No. 3:21-cv-00252-JMK

PAGE 8

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 8 of 10

DATED this 8th day of June, 2023.

                                          NICOLL BLACK & FEIG, PLLC

                                          /s/ Chris P. Reilly
                                          Chris P. Reilly, Alaska Bar No. 0807047
                                          *Attorneys for Defendants, Counterclaimants and Crossclaimants Cook Inlet Spill Prevention & Response, Inc. and CISPRI Services LLC*

COOK INLET SPILL PREVENTION & RESPONSE, INC.         *Syndicates 1183, 1036, and 2007, et al. v.*
AND CISPRI SERVICES LLC'S MOTION FOR                         *Furie, et al.*
ATTORNEY'S FEES AS PREVAILING PARTY                      Case No. 3:21-cv-00252-JMK

PAGE 9

Case 3:21-cv-00252-JMK    Document 88    Filed 06/08/23    Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically served the foregoing document to the following:

| | |
|---|---|
| Brewster Jamieson<br>Katie Smith Matison<br>LANE POWELL PC<br>1600 A Street Suite 304<br>Anchorage, AK 99501-5148<br>Telephone: (907) 277-9511<br>Facsimile: (907) 276-2631<br>E-mail: jamiesonb@lanepowell.com<br>Email: matisonk@lanepowell.com<br>*Attorneys for Plaintiffs* | Natasha N. Taylor<br>Ronnie L. Flack, Jr.<br>WRIGHT CLOSE & BARGER, LLP<br>1 Riverway<br>Ste 2200<br>Houston, TX 77056<br>281-793-5329<br>Email: flack@wrightclosebarger.com<br>Email: taylor@wrightclosebarger.com<br>*Attorneys for Gemini Insurance Company* |
| Kristin E. Crabb<br>GUESS & RUDD P.C.<br>1029 W. 3rd Avenue, Suite 400<br>Anchorage, AK 99501<br>907-793-2200<br>Fax: 907-793-2299<br>Email: kcrabb@guessrudd.com<br>*Attorneys for Gemini Insurance Company* | |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 8, 2023, at Seattle, Washington.

/s/ Chris P, Reilly
Chris P. Reilly, Alaska Bar No. 0807047

COOK INLET SPILL PREVENTION & RESPONSE, INC. AND CISPRI SERVICES LLC'S MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTY
PAGE 10

*Syndicates 1183, 1036, and 2007, et al. v. Furie, et al.*
Case No. 3:21-cv-00252-JMK

Case 3:21-cv-00252-JMK   Document 88   Filed 06/08/23   Page 10 of 10