IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SYNDICATES 1183, 1036, and 2007, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON subscribing to Charterer's Legal Liability Policy Number GU300630J, <br><br> Plaintiffs, <br><br> vs. <br><br> FURIE OPERATING ALASKA, LLC; CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, IN ITS CAPACITY AS THE TRUSTEE IN BANKRUPTCY FOR THE LITIGATION TRUST OF THE CHAPTER 11 PLAN CONFIRMED BY COURT ORDER DATED JUNE 12, 2020 FOR THE DEBTOR FURIE OPERATING ALASKA, LLC; COOK INLET SPILL PREVENTION AND RESPONSE, INC.; CISPRI SERVICES LLC; GEMINI INSURANCE COMPANY, <br><br> Defendants. | Case No. 3:21-cv-00252-JMK <br><br> **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

At Docket 89, Plaintiffs Syndicates 1183, 1036, and 2007, Certain Underwriters at Lloyd's, London subscribing to the Charterer's Legal Liability Policy Number GU300630J ("Lloyd's") move for attorney's fees under Local Civil Rule 54.2 and

Alaska Civil Rule 82. At Docket 95, Defendants Cook Inlet Spill Prevention and Response, Inc., and CISPRI Services LLC indicated their non-opposition. At Docket 97, Defendant Gemini Insurance Company responded in opposition.

As explained below, the *Motion for Attorney's Fees* is **GRANTED**. Lloyd's may recover an attorney's fee in the amount of $43,952.40.

## I. BACKGROUND

The Court presumes familiarity with the facts at issue in this matter, which are fully recounted in its Order Regarding Motions for Summary Judgment at Docket 76. For purposes of the present motion, the Court provides the following background.

In 2016, E.H. was injured and permanently disabled when he was struck by a defective mooring device located on a natural gas platform ("the Platform") owned and operated by Defendant Furie Operating Alaska ("Furie").[1] Furie held three different insurance policies that were relevant to the coverage of liability for the incident. Two policies from Gemini Insurance Company ("Gemini") provided general liability coverage for the risks associated with operating the Platform: (1) the Energy Commercial General Liability Policy No. JGH2002114 ("Primary Policy"), and (2) the Energy Commercial Umbrella Liability Policy No. JUH2001888 ("Umbrella Policy").[2] A third, issued by Lloyd's, Charterer Legal Liability Policy No. B0702 GU300630j ("Charterer's Policy"), covered risks associated with chartering vessels to service the Platform.[3]

---

[1] Docket 76 at 2–3 (internal citations omitted).
[2] *Id.* at 2 (internal citations omitted).
[3] *Id.* (internal citations omitted).

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*     Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees     Page 2
Case 3:21-cv-00252-JMK    Document 109    Filed 02/13/24    Page 2 of 10

Defendants Cook Inlet Spill Prevention and Response, Inc., and CISPRI Services LLC (collectively "CISPRI") paid out benefits to E.H. and settled his personal injury claim.[4] Then, in separate litigation, CISPRI asserted claims against Furie to recover these costs.[5] Following mandatory arbitration, an Arbitrator apportioned sixty-five percent of fault for the incident to Furie and thirty-five percent of fault to CISPRI, resulting in a total award to CISPRI of approximately $8.1 million, plus interest.[6] However, Furie's insurers, Gemini and Lloyd's, initially declined to pay any amount of the award.[7]

In 2021, Lloyd's filed this suit and sought a declaratory judgment that the Charterer's Policy did not provide coverage for the accident.[8] Gemini and CISPRI filed counter- and cross-claims and asserted that either or both the Charterer's Policy and the Umbrella Policy provided coverage.[9] Gemini also sought a declaration that the Charterer's Policy provided coverage, and that the Umbrella Policy was not triggered and the accident is excluded from coverage.[10]

The Court decided these issues of coverage on summary judgment.[11] Ultimately, it entered a Declaratory Judgment that (1) "Charterers' Legal Liability Policy Number GU300630J does not provide coverage to Named Insured Furie Operating Alaska, LLC for its liability under the August 9, 2021, Arbitration Award"; and (2) "Energy

---

[4] *Id.* at 3 (internal citations omitted).
[5] *Id.* (internal citations omitted).
[6] *Id.* at 5 (internal citations omitted).
[7] *Id.* (internal citations omitted).
[8] Docket 1; Docket 27 (Second Amended Complaint).
[9] Docket 36.
[10] Docket 35.
[11] *See generally* Docket 76.

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*  Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees  Page 3
Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 3 of 10

Commercial Umbrella Liability Policy Number JUH2001888 provides coverage to Named Insured Furie Operating Alaska, LLC for its liability under the August 9, 2021, Arbitration Award."[12]

## II. LEGAL STANDARD

District courts follow state rules for awarding attorney's fees when exercising their subject matter jurisdiction over state-law claims.[13] Alaska follows the English Rule, which provides that the prevailing party in a civil case always recovers a portion of its fees from the losing party.[14] Alaska Civil Rule 82 sets a schedule under which a prevailing party that secures a money judgment in a case may recover fees.[15] Rule 82 further provides that "in cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[16] And Rule 82(b)(3) gives courts discretion to vary a fee award based on enumerated factors.

---

[12] Docket 86.
[13] *U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors*, No. A03-73 CV JWS, 2005 WL 846211, at *1 (D. Alaska Jan. 18, 2005); *see also* D. Alaska Loc. Civ. R. 54.2; *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 972 (9th Cir. 2013); *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) (internal quotations omitted) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine and apply to actions pending in federal district court when the fee award is connected to the substance of the case.").
[14] *Ryan on Behalf of Syndicates & Ins. Companies Subscribing to Pol'y PHP91-4699 v. Sea Air, Inc.*, 902 F. Supp. 1064, 1070 (D. Alaska 1995).
[15] Alaska R. Civ. P. 82(b)(1).
[16] Alaska R. Civ. P. 82(b)(2).

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*    Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees                                              Page 4

Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 4 of 10

"A motion for attorney's fees . . . must: (a) state the amount requested; (b) set forth the authority for the award . . .; and (c) be accompanied by a declaration or affidavit that demonstrates the reasonableness of the requested award and includes: (1) the total number of hours worked and billing rate for each lawyer and paraprofessional; (2) the customary fee charged in similar matters in the District of Alaska; (3) the amount charged to the client, if any; and (4) itemized billing records."[17]

### III. DISCUSSION

Alaska Civil Rule 82 provides that "the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."[18] "In cases in which the prevailing party recovers no money judgment, the court . . . award[s] the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[19] Lloyd's was the prevailing party in this matter as summary judgment was granted in its favor and it secured the declaratory judgment it sought. Furthermore, as explained below, Alaska Civil Rule 82 applies in this case and the requested fee is reasonable. Therefore, an award of 20 percent of its actual fees—here, $43,952.40—is mandatory.

---

[17] D. Alaska Loc. Civ. R. 54.2.
[18] Alaska R. Civ. P. 82(a).
[19] Alaska R. Civ. P. 82(b)(2).

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*     Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees     Page 5
Case 3:21-cv-00252-JMK    Document 109    Filed 02/13/24    Page 5 of 10

### A.   Alaska Civil Rule 82 Allows the Recovery of Attorney's Fees in this Action

In opposition to Lloyd's Motion for Attorney's Fees, Gemini argues that Rule 82 does not apply in this matter because this Court's subject matter jurisdiction is based on a federal question, not on diversity.[20]

The District Court for the District of Alaska follows Alaska law with respect to attorney's fees when it exercises its subject matter jurisdiction over state-law claims, whether that jurisdiction is premised on the diversity of parties under 28 U.S.C. § 1332 or the Court's supplemental jurisdiction under 28 U.S.C. § 1367.[21] In contrast, "[i]n a pure federal question case brought in federal court, federal law governs attorney fees."[22] Where a suit asserts both federal claims and state law claims, this Court has distinguished between the former and the latter for the purposes of awarding fees and only awarded fees for supplemental state law claims.[23]

The Court's subject matter jurisdiction over this suit initially was grounded in the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and its admiralty and maritime jurisdiction under 28 U.S.C. § 1333.[24] Upon the filing of additional counter- and cross-

---

[20] Docket 97 at 3–6.
[21] *See Disability Law Center of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940–41 (9th Cir. 2009) (recognizing that Rule 82 can provide grounds for a fee award in diversity cases and in federal question cases with supplemental jurisdiction over state-law claims); *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) (noting that state law on attorney's fees is substantive for *Erie* purposes).
[22] *Id.* at 940.
[23] *See Nash v. Matanuska-Susitna Borough*, No. 3:19-cv-00235-JMK, 2022 WL 6168930, at *1 (D. Alaska Oct. 7, 2022) ("This Court exercised federal question jurisdiction over Mr. Nash's federal constitutional claims and supplemental jurisdiction over his Alaska constitutional claims. In this situation, the Court applies Alaska law to award attorney fees for the state-law claim.").
[24] Docket 27 at 3.

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*     Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees     Page 6

Case 3:21-cv-00252-JMK     Document 109     Filed 02/13/24     Page 6 of 10

complaints, the Court exercised supplemental jurisdiction over CISPRI's counter- and cross-claims, and diversity jurisdiction over Gemini's cross-claims.[25]

An award of attorney's fees under Alaska Civil Rule 82 is appropriate as to counter- and cross- claims in this action, as they are state law claims over which this Court has supplemental or diversity jurisdiction.[26] These counter- and cross-claims arose out of the same incident and were so interrelated that their prosecution and defense entailed proof or denial of essentially the same facts as would be required to prove Lloyd's' original, federal claim. Ultimately, the state law claims required the Court's determination of precisely the same questions as Lloyd's' initial claims—namely, which of the insurance policies covered the liability for the incident that injured E.H. Accordingly, an award of fees under Alaska Civil Rule 82 could not disaggregate fees for Lloyd's' litigation of these state law claims from fees attributable to its federal claims. As such, the Court finds that a fee award under Alaska Civil Rule 82 must encompass the entire action.[27]

## B. Alaska Rule 82 Applies Despite the Charterers' Policy Choice of Law Provision

Alternatively, Gemini asserts that Alaska Civil Rule 82 does not apply in this case because the Charterers' Policy contains a choice of law provision that specifies that New York law, not Alaska law, applies to disputes relating to the policy.[28] Gemini argues

---

[25] *See* Docket 28 at 15 (CISPRI's counter- and cross-claims); Docket 36 at 16 (CISPRI's amended counter- and cross-claims); Docket 42 at 15–16 (Gemini's cross-claim).
[26] *See Disability Law Center of Alaska, Inc.*, 581 F.3d at 940–41.
[27] *Cf. United States ex rel. GMW Fire Prot., Inc. v. Kanag'Iq Constr. Co.*, No. 3:05-CV-00170 TMB, 2008 WL 11429474, at *3 (D. Alaska June 24, 2008) (concluding that GMW was not required to segregate fees associated with its state law counterclaims and its affirmative defenses under federal law because they were nearly identical).
[28] Docket 97 at 6–7.

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*  Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees   Page 7
Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 7 of 10

that the rule of decision that resulted in the declaratory judgment in this case was predicated on New York law.[29] Lloyd's responds that choice of law provision has no bearing on attorney's fees, even though it required the Court apply New York law for the purpose of interpreting the contract.[30]

Federal courts apply the choice of law rules of the state in which they sit.[31] "Alaska courts 'look to the Restatement (Second) of Conflict of Laws for guidance in resolving choice-of-law issues.'"[32] Alaska follows the rule of dépeçage and separately analyzes choice-of-law for each issue presented.[33] Therefore, although the Court concluded that New York law governs the interpretation of the insurance contracts at issue in this litigation, it must determine "the proper choice of law on the question of attorneys' fees 'without regard to other issues in the case.'"[34]

"Alaska follows the general approach outlined in the Restatement (Second) of Conflict of Laws, under which a forum state's own law may apply to procedural issues even when another state's law applies to substantive issues."[35] "Though federal law establishes that attorney's fees law is substantive for *Erie* purposes, it is not necessarily substantive for choice of law purposes."[36] Rather, "[w]hether it is substantive or

---

[29] *Id.*
[30] Docket 105 at 5.
[31] *Alaska Rent-A-Car, Inc.*, 738 F.3d at 973.
[32] *Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp.*, No. 3:18-CV-00183-TMB, 2019 WL 5156273, at *4 (D. Alaska May 1, 2019) (quoting *Savage Arms, Inc. v. W. Auto Supply Co.*, 18 P.3d 49, 53 (Alaska 2001)).
[33] *Id.*
[34] *Id.* (quoting *Savage Arms*, 18 P.3d at 53).
[35] *Id.* at *7.
[36] *Alaska Rent-A-Car*, 738 F.3d at 973.

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*  Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees                                          Page 8

Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 8 of 10

procedural for choice of law purposes depends on how the Supreme Court of the forum state would characterize it."[37] The Alaska Supreme Court considers Alaska Civil Rule 82 to be procedural.[38] Therefore, under the RESTATEMENT approach employed by Alaska courts, Alaska's attorney's fee rules applies in this case, even though New York law governs the substantive issues.

C. Lloyd's' Fee Request is Reasonable

Finally, Gemini contests that the fee award Lloyd's seeks is unreasonable. It highlights what it views as an excessive number of hours that attorneys, including several partners, billed drafting the complaint in this matter and working on the motion for summary judgment.[39] Lloyd's insists that its fee request is reasonable given the duration and complexity of the litigation.[40]

Alaska Civil Rule 82(b)(2) instructs that the Court "shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred." "To the extent that work performed is duplicative and

---

[37] *Id.*
[38] *See BP Pipelines (Alaska) Inc. v. State Dept. of Revenue,* 327 P.3d 185, 191 (Alaska 2014) (internal citation and quotation marks omitted) ("We concluded that Rule 82 is a rule of procedure because it more readily falls on the procedure side of the substance and procedure divide under the definitions established by the precedents of this Court."); *see also Alaska Rent-A-Car,* 738 F.3d at 974 (concluding that the Alaska Supreme Court would hold that the attorney's fee rule is procedural for choice of law purposes and affirming the application of Alaska law to govern fees even where another state's law governed other substantive issues).
[39] Docket 97 at 8–13.
[40] Docket 105 at 5–6.

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*  Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees  Page 9
Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 9 of 10

unnecessary, it should not be considered in determining a proper award under Civil Rule 82."[41]

This Court finds that the fees Lloyd's requests are reasonable. The hours billed to drafting the complaint in this matter or working on Lloyd's' motion for summary judgment are not excessive. Given the complexity of the issues at hand, the 25 hours spent drafting the complaint and 52 hours spent working on summary judgment are not excessive or redundant. Indeed, this case was decided on summary judgment. It stands to reason that careful and potentially time-consuming briefing, as well as the involvement of law firm partners, was necessary.

### III. CONCLUSION

For the foregoing reasons, the *Motion for Attorney's Fees* is **GRANTED**. Lloyd's may recover an attorney's fee in the amount of $43,952.40.

IT IS SO ORDERED this 13th day of February, 2024, at Anchorage, Alaska.

 */s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[41] *City of Kodiak v. Kodiak Pub. Broad. Corp.*, 426 P.3d 1089, 1096 (Alaska 2018) (internal citations and quotations omitted).

*Syndicates 1183, 1036, and 2007, et al. v. Furie Operating Alaska, LLC, et al.*    Case No. 3:21-cv-00252-JMK
Order Granting Motion for Attorney's Fees    Page 10

Case 3:21-cv-00252-JMK   Document 109   Filed 02/13/24   Page 10 of 10